RELIANCE FACTORING CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20715.    Promulgated November 10, 1950.

*Jacob Rabkin, Esq.,* and *Mark H. Johnson, Esq.,* for the petitioner. *Walt Mandry, Esq.,* for the respondent.

[6] Internal Revenue Code, § 126 (a) (1).

608

**OPINION.**

BLACK, *Judge:* The only question we have to decide in this proceeding is this: Is petitioner liable for the 25 per cent penalty for failure to file personal holding company tax returns for the taxable years ended March 31, 1944, and March 31, 1945? The applicable statute is printed in the margin.[1]

We think this question under the facts and applicable law must be decided in favor of petitioner. It seems perfectly clear to us that petitioner's failure to file personal holding company tax returns in each of the years here involved was not due to any willful neglect on its part. It employed a competent and experienced certified public accountant to file its tax returns for each of the years in question and furnished that accountant with all necessary records to enable him to

---

[1] INTERNAL REVENUE CODE.

SEC. 291. FAILURE TO FILE RETURN.

(a) In case of any failure to make and file return required by this chapter, within the time prescribed by law or prescribed by the Commissioner in pursuance of law, unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the tax : 5 per centum if the failure is for not more than thirty days with an additional 5 per centum for each additional thirty days or fraction thereof during which such failure continues, not exceeding 25 per centum in the aggregate. * * *

prepare properly its returns. In our findings of fact we have found upon the strength of undisputed evidence that:

\* \* \* All facts relating to the business were disclosed to him because the principals had complete confidence in him. The petitioner's corporate seal, minute book, stock book, contracts, and other business papers were regularly kept in his office. His office made regular audits and prepared the [petitioner's] Federal, state, and city tax returns. \* \* \*

We do not see how under such facts as these it could be held that petitioner's failure to file personal holding company returns in the tax years here in question was due to "willful neglect." We hold it was not. We are also convinced that petitioner's failure to file a personal holding company tax return was due to reasonable cause and we so hold. The facts upon which we base this conclusion are fully stated in our findings of fact and need not be repeated here. Respondent's imposition of delinquency penalties is reversed.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

DISNEY, *J.*, concurs only in the result.